UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.	CASE NO. 8:07-CR-144-T-17-TGW

ERIC SCOTT
                                                            /

ORDER DENYING MOTION TO SUPPRESS

This cause comes before the Court on the defendant's motion to suppress physical evidence and/or statements (Docket No. 29) and response thereto (Docket No. 32). The Court held an evidentiary hearing on the motion on April 14, 2008. The Court finds the response of the government persuasive and incorporates the response and the testimony from the evidentiary hearing by reference herein. The facts of this case, in summary, are as follows.

On the night of January 18, 2007, into the early morning of January 19, 2007, Manatee County Sheriff's Office (Sheriff) deputies, including Jerome Diamond and Detective Pease, who testified at the hearing, and a canine unit, were searching for a fugitive, Edward M. Turner, on outstanding arrest warrants for robbery, including strong-arm robbery.

The Sheriff had received information that a confidential informant had advised that the fugitive Turner might be located at an address near an FOE lodge and at a residence which might be a duplex.[1] The deputies approached a house which seemed to meet that criteria and which turned out to be the residence of the defendant in this case. When the Sheriff's deputies approached the address they observed two people in front of the house but the two people entered the house without being identified.

The deputies exited their cars and proceeded to the porch of the defendant's house. One deputy, Jerome Diamond, in a lowered or prone position, peered into a window where the window covering was raised enough for him to see into the room; there was no light on in that room but light from another room illuminated it to a degree. Detective Pease knocked at the door. Deputy Diamond then saw a tall man carrying a weapon in his right hand approaching the door. The weapon appeared to the experienced deputy to be a semi-automatic weapon. The deputy was unable to discern what the race was of the person with the gun. Deputy Diamond in a voice loud enough to be heard at least by Detective Pease, advised that the person approaching the door, later identified as the defendant Eric Scott, had a weapon.

Detective Pease then knocked again and announced that it was the Manatee County Sheriff's Office. Deputy Diamond observed the person inside turn around and go back into the house's interior and return without the weapon a few seconds later. At this time, the defendant opened the door and puts his hands up on command. The deputies, with weapons drawn, ordered

---

[1] The information was received on January 12, 2007, but due to limited resources of the Sheriff's office it was not until the 18th that the Sheriff was able to put together an appropriate team for following up on the confidential informant information and searching for the fugitive Turner. The Court does not find this delay inappropriate under the circumstances of the limited law enforcement resources which prevented acting on the information any sooner.

the defendant to get against the wall and they checked him for weapons. At this time, they did not handcuff the defendant or otherwise restrain him.

After determining that the defendant did not have a weapon, the deputies asked if they could enter the house to see if anyone else was inside. They had previously seen a second person enter the residence; this person was at this time unidentified. The uncontradicted testimony at the hearing was that the defendant agreed to allowing the deputies to search the house for other persons.

With this oral permission, several deputies entered the residence while the defendant remained on the porch. The deputies ultimately found seven firearms, including the one the defendant initially carried to the door as observed by Deputy Diamond, more than four-hundred rounds of ammunition, and powdered cocaine, which was in plain sight on the microwave. The defendant denied ownership of the weapons, which apparently belonged to the defendant's brother. Later, the Sheriff's office discovered they had missed finding other drugs and cash which were located in the bathroom ceiling. As a side note, the fugitive Turner was located and arrested a day or two after the arrest of the defendant. Turner was found by the Sheriff's office at a location approximately one-half mile away from the defendant's residence.

The defendant was arrested. The indictment under which the case proceeds charges that the defendant, a convicted felon, did knowingly possess, in and affecting interstate commerce, firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

**DISCUSSION**

The defendant moves to suppress all physical evidence discovered and statements made during the January 19, 2007, search of his home as described above pursuant to the Fourth Amendment. Defendant argues that no exception to the Fourth Amendment exists to permit the warrant-less search of his residence and that his consent, if any, was not voluntary but as "an acquiescence of a show of official authority" and it was invalid (motion to suppress pg. 12). As set out above, the Court agrees with the response to the motion to suppress filed by the government and finds the motion to suppress should be denied.

A warrant-less search or search of a third party's home in search of a non-resident is invalid unless the government demonstrates the existence of both probable cause and exigent circumstances or valid consent. ***United States v. Edmondson***, 791 F.2d 1512 (11th Cir. 1986). The Court finds this case analogous to the circumstances in ***United States v. McCoy***, 2007 WL 4393973 (11th Cir. 2007).

As stated by the government, in McCoy, law enforcement was searching for a third-party fugitive at the residence of the defendant, based on an anonymous tip. The fugitive was known to be violent and perhaps involved in several homicides. They arrived and observed the defendant McCoy in the apartment doorway and a gun on the apartment floor. They detained McCoy, patted him down for weapons and entered the apartment to make sure the fugitive was not present and to recover the observed firearm. The Court in McCoy said: "We hold that exigent circumstances justified the warrant less search of Apartment 9 because the risk of harm that the officers reasonably perceived presented a compelling need for immediate action...the

officers' belief concerning the possible presence of a dangerous person in Apartment 9 was reasonable." at pgs. 3 and 4.

The facts in the instant case are very similar and the Court finds they constitute exigent circumstances. The police were searching for a fugitive, considered to be armed and dangerous, there was a tip that he frequented an address similar to the defendant's, they saw two people enter the residence, they observed one person with a gun, they detained and patted down the defendant when he answered the door, and they knew another person was in the residence. In addition in this case, the defendant gave what the Court finds to be a valid consent for the Sheriff to enter the premises and make a search for the fugitive. Accordingly, it is.

**ORDERED** that defendant's motion to suppress physical evidence and/or statements (Docket No. 29) be **denied**.

**DONE AND ORDERED** in Chambers in Tampa, Florida this 15th day of April, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Counsel of Record