UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 8:07-cr-144-CEH-AEP

ERIC T. SCOTT
_____/

## ORDER

This matter is before the Court on Defendant Eric T. Scott's *pro se* motion for a reduction in sentence which was docketed as a Motion to Reduce Sentence Pursuant to the First Step Act of 2018. Doc. 135. The Government filed a response in opposition. Doc. 141. Upon consideration, the motion is due to be denied.

## DISCUSSION

In January 2019, Defendant Eric Scott was sentenced to 51 months' imprisonment for violation of supervised release. Doc. 131. By the instant motion, Scott seeks a reduction in his sentence pursuant to the First Step Act of 2018 (Doc. 135), which made retroactive part of the Fair Sentencing Act of 2010. The Federal Defender was appointed on Defendant's behalf for this First Step proceeding in accordance with the Omnibus Order In Re: Section 404 of the First Step Act, issued by then Chief Judge Merryday in case number 8:19-mc-10-T-23. *See* Doc. 136. The Federal Defender filed a notice of appearance (Doc. 138) and thereafter filed a Notice stating the relief sought exceeds the scope of the Federal Defender's appointment in

the Omnibus Order (Doc. 139). Specifically, the Notice states it is uncontested that Defendant's offense of conviction is not a covered offense under Section 404 of the First Step Act because his violation was not a crack cocaine offense. *Id.* at 1. The Government filed a response in opposition arguing that Scott failed to exhaust his administrative remedies prior to filing the instant motion and the First Step Act does not provide Scott with the relief he seeks, namely good conduct time credits. Doc. 141.

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ 2(a)(1), 2(a)(2). Although not initially retroactive, these sections of the Fair Sentencing Act were made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First

Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

Defendant seeks an award of "63 days of good credit time to [his] current sentence for the 9 years and 1 months previously served in BOP." (Doc. 135). Defendant does not allege, and the record does not reflect, that his sentence was based on a conviction for crack cocaine. Accordingly, § 404 does not provide Defendant relief. The offense for which he was convicted was felon in possession of a firearm, 18 U.S.C. §§ 922(g) and 924(e), which is not a "covered offense" as defined by Section 404. Likewise, § 404 does not provide Defendant relief based on a post-release sentence for violating the terms and conditions of supervised release.

As the Government points out, there is a process for presentation of claims regarding good conduct time credits. *See* Doc. 141 (citing 28 C.F.R. § 542.10, *et seq.*). Scott fails to demonstrate he complied with the process. Accordingly, it is hereby

**ORDERED:**

Scott's Motion seeking Relief under the First Step Act (Doc. 135) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 29, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any